**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-50936
Summary Calendar
_____


RICHARD BOWLES,

Plaintiff-Appellant,

VERSUS

PHELPS DODGE REFINING CORPORATION,


Defendant-Appellee.

-------------------------------

ROBERTO C. AVILA,

Plaintiff-Appellant

VERSUS

PHELPS DODGE REFINING CORPORATION,


Defendant-Appellee.

--------------------------------

GUILLERMO REZA,

Plaintiff-Appellant

VERSUS

PHELPS DODGE REFINING CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Richard Bowles, Roberto C. Avila and Guillermo Reza (the Employees), sued Phelps Dodge Refining Corporation, their employer, claiming violations of the Americans with Disabilities Act and the Texas Labor Code. The district court granted summary judgment for Phelps. We affirm.

Each employee suffered an on the job injury and subsequently returned to work at a position other than that which each held when injured. They claimed that, although they were not disabled, Phelps treated them as disabled and discriminated against them by delaying their return to work and by limiting their opportunities for advancement. They supported these allegations with uncontroverted evidence that Phelps required them to produce medical releases before they could return to work.

The district court correctly found that the Employees had not raised issues of material fact on either the ADA or Texas Labor Code claims. The court found that there was no evidence that Phelps regarded the Employees as disabled because there was no showing by them that Phelps regarded them incapable of performing any particular job. They were assigned to jobs that matched the

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

physical abilities their medical releases indicated they possessed. Phelps accommodated all three employees by returning them to work in jobs their medical releases showed them capable of performing and considered them eligible for any other jobs they could establish with medical evidence they were capable of performing. Lastly, the district court held that there was no showing of any causal connection between Employees workers compensation claims and the alleged acts of discrimination. Our examination of the record convinces that there was no error on the part of the district court in any of these matters and we affirm its judgment essentially for the reasons given by it.

AFFIRMED.